IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:16cr145-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CONSENT ORDER AND |
| v. | ) JUDGMENT OF FORFEITURE |
| | ) PENDING RULE 32.2(c)(2) |
| (4) AUDWIN HAWATHA TAYLOR | ) |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property[1], IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853, provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- **Approximately $6,980 in United States currency seized on or about April 21, 2016**
- **One S.W.D. Cobray Mac 11 9mm pistol, serial number 89-0048755 and ammunition**
- **One Hi-Point Model C9 9mm pistol, serial number P1839554 and ammunition**
- **One Ivar Johnson Model Trails Man 66s, .38 caliber revolver, serial number 2755 and ammunition**
- **One Taurus, Model PT145 Millenium, .45 caliber semi-automatic pistol, serial number NVI68876 and ammunition**
- **One HS Products, Springfield Armory USA, Model XDS, .45 caliber semi-automatic pistol, serial number XS572580 and ammunition**
- **One FNH Model Five-Seven, 5.7x28 caliber semi-automatic pistol, serial number 386280209 and ammunition**
- **Two .223 caliber semi-automatic pistols with no markings, serial numbers, or manufacturer information**
- **One 100-round, loaded .223 caliber drum magazine**
- **One 30-round, loaded .223 caliber magazine**
- **One Glock, Model 22, .40 caliber semi-automatic pistol, serial number NBE834 and ammunition**
- **Approximately $28,220 in United States currency seized on or about May 11, 2016**
- **Approximately $24,2000 in United States currency seized on or about May 11, 2016**
- **Approximately $7,030 in United States currency seized on or about May 12, 2016**

---

[1] In the event that any firearms are subject to forfeiture pursuant to this Consent Order, defendant's consent to forfeiture herein does not constitute a waiver of any objections to sentencing factors, including any weapon enhancement that the Government may contend is applicable.

- **One Mossberg 500c pistol grip, 20-gauge shotgun, serial number K822961 and ammunition**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C. § 853. The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____
SANJEEV BHASKER
MATTHEW WARREN
Assistant United States Attorneys

_____
AUDWIN HAWATHA TAYLOR
Defendant

_____
SCOTT GSELL, ESQ.
Attorney for Defendant

Signed this the __5th__ day of ~~February~~ March, 2017.

_____
Robert Conrad
UNITED STATES District JUDGE